UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

IN RE: RONALD STANLEY BATOR,            Case No. 09-62045-WSD
Chapter 7
Hon. Walter Shapero

         DEBTOR.
_____/

CHASE BANK USA, N.A.,

                                                                                                                A.P. No.

         PLAINTIFF,
   vs.

RONALD S. BATOR
a/k/a RONALD STANLEY BATOR,

         DEFENDANT.
_____/

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiff, Chase Bank USA, N.A. ("Chase"), by and through its counsel, hereby represents as follows:

1. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(I) (core proceeding), § 1334(b) and 11 U.S.C. § 523(c).

2. On July 15, 2009, the Defendant filed a Chapter 7 petition, commencing the above case.

3. Chase is the holder of a claim against the above-captioned Defendant arising from card account number ****-****-****-6565 ("the Account").

4. The Account was opened by the Defendant in October of 2004.

5. The balance of the Account as of the date of the filing of the Chapter 7 petition was $7,011.86.

6. The terms and conditions of the account agreement between the Defendant and Chase call for the payment of reasonable attorneys' fees, all costs and all other expenses expended by Chase in the collection of the Account, which is hereby requested by Chase.

**FIRST CAUSE**

7. Paragraphs 1 through 6 are hereby repeated and incorporated as if fully set forth herein.

8. Between May 18, 2009 and July 9, 2009, the Defendant used his Chase card in fourteen (14) transactions charging $3,599.55 on the Account for cash and the purchase of goods and services.

9. Two (2) transactions totaling $1,030.00 were incurred for a convenience check made payable "Cash" and an associated transaction fee.

10. Two (2) transactions totaling $824.00 were incurred for a convenience check made payable to "Solo Marketing" and an associated transaction fee.

11. Two (2) transactions totaling $1,251.54 were incurred for a convenience made payable to "Gregory L. Dodd," and an associated transaction fee. Gregory L. Dodd is the Defendant's bankruptcy attorney and upon information and belief, the Defendant used this convenience check to pay for bankruptcy representation.

12. All of the transactions totaling $3,105.54 referenced in paragraphs 9 through 11 were incurred within seventy day of the bankruptcy filing and therefore are presumed nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(C).

13. After incurring the charges referenced in paragraph 8, the Defendant failed to make any payments on the Account.

14. The terms and conditions of the account agreement between the Defendant and Chase call for a minimum payment toward the charges upon receipt of the monthly billing statement.

15. Attached as Exhibit "A" are true and correct copies of account statements which evidence the account activity referenced in paragraphs 8 through 13. These have been redacted to remove a portion of the account number.

16. According to Schedule F of the Defendant's bankruptcy petition, the Defendant lists unsecured, nonpriority debt in the amount of $21,948.00.

17. According to Schedule I of the Defendant's bankruptcy petition, the Defendant has current monthly net income of $3,919.12.

18. According to Schedule J of the Defendant's bankruptcy petition, the Defendant's current monthly expenses total $4,358.08.

19. The Defendant's Schedules reflect insufficient income and assets from which the Defendant could have reasonably expected to repay Chase.

20. Chase asserts that at the time the Defendant incurred the charges on the Account, he did not intend to honor his obligation to Chase to satisfy the Account.

21. The Defendant obtained the goods and services on the Account through representations which he either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

22. The Defendant made the misrepresentations with the intention and purpose of deceiving Chase so that Chase would extend credit that would enable the Defendant to charge goods and services on the Account.

23. Chase justifiably relied on the Defendant's false representations based in part, upon the Defendant's status as a Cardmember in good standing and that there were no "red flags" evident during the time period of charging activity as identified in Exhibit "A" attached hereto and made a part hereof.

24. As a proximate result of extending credit based on the Defendant's misrepresentations, Chase has sustained loss and damage in the amount of $3,599.55 on the Account.

25. A portion of the balance of the Account in the amount of $3,599.55 was incurred by the Defendant with knowledge of his inability to repay it.

26. A portion of the balance of the Account in the amount of $3,599.55 was incurred by the Defendant without the intent to repay it.

27. A portion of the balance of the Account in the amount of $3,599.55 was obtained through false pretenses, a false representation, or actual fraud by the Defendant.

28. For the reasons above, a portion of the balance of the Account in the amount of $3,105.54 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(C).

29. For the reasons above, a portion the balance of the Account in the amount of $3,599.55 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, Chase prays this Honorable Court for a nondischargeable judgment against the Defendant in the aggregate amount of $3,599.55, plus interest, attorneys' fees and costs, or any other such relief as the Court may deem appropriate.

Respectfully submitted,

**TROTT & TROTT, P.C.**

DATED: 10/15/2009      By: /s/ John P.Kapitan
John P. Kapitan (Bar #P61901)
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334
Telephone: (248) 723-5067
easternECF@trottlaw.com
Attorney for Plaintiff