**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**DETROIT DIVISION**

IN RE:

RONALD STANLEY BATOR,

       DEBTOR.

CHASE BANK USA, N.A.,

       PLAINTIFF,

  vs.

RONALD S. BATOR
a/k/a RONALD STANLEY BATOR,

       DEFENDANT.

Case No. 09-62045-wsd
Chapter 7
Hon. Walter Shapero

A.P. No. 09-06603-wsd

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### UNDER FED.R.BANKR.P. 7033 AND RULE 33 F.R.CIV.P.

To:    Ronald S. Bator a/k/a Ronald Stanley Bator
       c/o Gregory L. Dodd, Esq.
       300 North Huron Street
       Ypsilanti, MI  48197

Pursuant to Fed.R.Bank.P. 7033 and 7026 and Rules 33 and 26(b) F.R.Civ.P., Plaintiff

requests Defendant to answer under oath the Interrogatories which follow and serve a copy of

such answers on Plaintiff's Attorney within 30 days after service of these Interrogatories.

## INSTRUCTIONS FOR INTERROGATORIES

You must answer each Interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. Space has been provided below each Interrogatory for your answer. If you require additional space, you may attach an additional sheet or sheets of paper which refer to the appropriate Interrogatory.

Fed.R.Bankr.P. 7033 and Fed.R.Civ.P. 33 provide that:

You must serve your written answer or objection to each request upon Plaintiff's attorney within 30 days of service of these Interrogatories upon you. The Answers must be signed by the Defendant and any objections must be signed by you or your attorney.

In answering each Interrogatory:

        a.      Identify the location, custodian and source of each document relied upon in answering each Interrogatory; or which forms a basis for the answer given; or which corroborates the answer given to each Interrogatory.

        b.      State whether the information furnished is within your personal knowledge and, if not, the name of each person to whom the information is a matter of personal knowledge.

        c.      Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to or relied upon in preparing the answer to each Interrogatory.

If you object to an Interrogatory, you must nevertheless answer any portion thereof that is not objectionable.

If an Interrogatory is objected to on the ground of privilege, identify the privilege asserted and the facts on which the assertion is based. If the Interrogatory objected to relates to documents, identify each document pursuant to the definition of "identify" contained in these Interrogatories.

If the Answer to an Interrogatory is "do not know," "unknown," "that information was unavailable" or the like, explain in detail the efforts made to obtain information to answer the Interrogatory.

A party is under a duty seasonably to amend a prior response to an Interrogatory if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

### DEFINITIONS

1. **"You"** and **"your"** mean the names of the party or parties to whom these Interrogatories are directed and all parties acting on behalf of such party or parties, including but not limited to, attorneys and their associates and employees, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of the party or parties to whom these Interrogatories are directed.

2. **"Document"** or **"writing"** means any written or graphic matter or other means of preserving thought or expression and all tangible things in which information can be processed or transcribed including, but not limited to, correspondence, messages, telegrams, contracts, memoranda, studies, surveys, charts, reports, minutes, notes, diaries, schedules, canceled checks, drafts, photographs, releases, newspaper or magazine articles, books, financial statements, ledgers, transcripts, affidavits, tapes, tape recordings, video tapes or recordings, motion pictures, phonograph recordings, compact disks, optical disks, material read by laser scanning, computer disks, computer tapes, computer printouts, and information stored in data processing or retrieval systems, whether originals, copies or drafts, however produced or reproduced.

3. **"Charge"** or **"charges"** referring to a use of credit means cash advances or credit for purchases of merchandise, entertainment, services or travel.

4.      **"Cash advance"** or **"cash advances"** means obtaining funds from a credit, charge or line of credit account through the use of a check, convenience check, access check, credit check, counter check, automated teller or credit card.

5.      **"Person"** means any natural person, any legal or business entity, and any public or quasi-public entity.

6.      **"Identify"** referring to a natural person means:

    a.      The full name of each person.

    b.      The present or last known address and telephone number of the person including, but not limited to, the street address, city, state and zip code.

    c.      The occupation and employer of the person at the time referred to in these Interrogatories.

7.      **"Identify"** referring to an entity other than a natural person means:

    a.      The full legal and trade name(s) or title(s) of such entity.

    b.      The present or last known address and telephone number of the entity including, but not limited to, the street address, city, state and zip code.

8.      **"Identify"** referring to a document, means:

    a.      A brief summary of its contents.

    b.      An identification of the person(s) drafting, preparing, compiling, and signing it.

    c.      The date the document was prepared or received.

    d.      The date noted on the document itself.

## **Interrogatories**

1.      For the cash advance in the amount of $1,000.00 listed on Appendix "A", explain

what you purchased or otherwise did with the funds.

2.      For any item you purchased with the funds identified in the previous

Interrogatory, do you still have it, and if not, how did you dispose of it; if you gave it away

or sold it, state the name and address of the person to whom you gave or sold it, their

relationship to you, the date you gave or sold it to them, why you gave or sold it to them,

and the amount you received if you sold it.

3.     For the convenience check made payable to Solo Marketing in the amount of

$800.00 listed on Appendix "A", explain the purpose of this check.

4.     For the convenience check made payable to Gregory L. Dodd in the amount of

$1,251.54, explain why you used your Chase card to make this payment given that the

payment was for bankruptcy representation and why you believed such a charge should

be discharged in your bankruptcy.

5.      What circumstances caused you to file bankruptcy?

6.      Describe all occurrences in the twelve (12) month period immediately preceding

the filing of your Bankruptcy Petition which affected your ability to repay your debts.

Describe any interruption or change in your employment status during the twelve (12)

month period immediately preceding the date of the filing of your Bankruptcy Petition.

7.      According to Schedules I and J of your bankruptcy petition, you have disposable income of <u>negative</u> $438.96 per month.  Explain how you intended to make the minimum monthly payments on the charges listed on Appendix "A."  What source of funds did you intend to use to repay the debt?

8.      In paragraphs 19 and 20 of your Answer to Complaint to Determine Dischargeability of Debt you state that you expected your self-employment income to increase somewhat but instead it declined even further after the filing of your Chapter 7 bankruptcy case.  Explain your reasons for believing your income would be increasing and why you chose to file bankruptcy if you believed your income would be increasing.  What do you believe caused your income to decrease instead of increase as you had anticipated?

9.      If you deny that the copies of the monthly activity statements which are attached hereto as Appendix "A" are true and accurate compilations of the charges which you incurred on or about the dates which are reflected on the statements, describe each matter which you believe to be inaccurate.

10.     If your total monthly income from all sources during any of the twelve (12) months immediately preceding the date of the filing of your Bankruptcy Petition differed from the monthly income stated in your Schedule I ("Current Income of Individual Debtor"), describe all such differences.

11.     As compared with the monthly income stated in your Schedule I ("Current

Income of Individual Debtor(s)"), describe any anticipated but unrealized income you

expected to receive in the twelve (12) month period immediately preceding the date of

the filing of your Bankruptcy Petition, the source(s) thereof, and the basis upon which

you anticipated the additional income.

12.     If your total monthly expenses during any of the twelve (12) months immediately

preceding the date of the filing of your Bankruptcy Petition differed from the expenses

stated in your Schedule J ("Current Expenditures of Individual Debtor(s)"), describe all

such differences.

13.     As compared with the assets shown on your Schedules A and B ("Real Property" and "Personal Property"), identify and describe any change (increase or decrease) in your assets (value and ownership interest) in each of the twelve (12) months immediately preceding the date of the filing of your Bankruptcy Petition.

14.     State the date you first arranged to meet with and the date you first met with the attorney representing you in this bankruptcy case, the name and address of all attorneys you contacted in the two (2) year period prior to the filing of your Bankruptcy Petition, the date(s) you first scheduled an appointment to see them, the date(s) you consulted with them, the date(s) you paid them, and the source of funds you used to make any such payments.

15.     If in the twelve (12) month period immediately preceding the date of the filing of your Bankruptcy Petition you met with or contacted any person(s) or entity concerning legal services relating to debt, collection efforts of creditors, lawsuits against you, credit counseling or bankruptcy, state the name, address and date(s) of each such contact.

16.     For each unsecured nonpriority debt listed on Schedule F that is a credit, charge or line of credit debt, identify the credit limit and date the account was opened, the ending balance and minimum payment due in each of the twelve (12) months immediately preceding the date of the filing of your Bankruptcy Petition and the date and amount of the last payment made on each account.

17.     For each credit, charge or line of credit account from which you obtained cash advances during the twelve (12) month period immediately preceding the date of the filing of your Bankruptcy Petition, list the account number, date, amount, and use of the funds obtained through each cash advance.

18.     Identify all credit, charge, or line of credit account(s) for which you had available credit prior to making the charges identified in Appendix "A".

19.     Describe all contacts with creditors, creditors' agents and/or bill collectors

(including date and name of creditor or agent) in the twelve (12) month period

immediately preceding the date of the filing of your Bankruptcy Petition concerning past

due and/or delinquent debts.

20.     Identify each check issued by you in the twelve (12) month period immediately

preceding the date of the filing of your Bankruptcy Petition which was returned for

insufficient funds, including the name of your bank, account number, payee, date of

check, and the date the check was returned.

21.     If in the twelve (12) month period immediately preceding the date of the filing of your Bankruptcy Petition you, or any business in which you held a 10% or greater equity or ownership interest, were a party to any lawsuit(s) or administrative proceeding(s), list the filing date, date of service of the summons and complaint, nature of the suit(s) or proceeding(s), identity of all aggrieved parties or persons, and the resolution(s) and date(s) thereof, if any.

22.     Identify (as defined in Definitions above) each "person" you intend to refer to at trial and/or call as a witness at trial to offer testimony on your behalf and identify the subject matter and general substance of the expected testimony of each.

23.     Identify each document and exhibit you intend to introduce or refer to at trial, in

support of your defense of this Adversary Proceeding.

24.     If you have responded to any of Plaintiff's Request for Admissions served upon

you simultaneously with these Interrogatories with anything other than an unqualified

admission, state separately by the number of each Request for Admission to which a

denial was given, the factual basis for the denial of that Request, and identify all persons

who have personal knowledge of the facts supporting each denial.

TROTT & TROTT, P.C.

Date:   12/9/2009   ___                         /s/ John P. Kapitan_____
                                                John Kapitan (Bar #P61901)
                                                Attorneys for Plaintiff
                                                31440 Northwestern Highway, Suite 200
                                                Farmington Hills, MI  48334
                                                Telephone: (248) 723-5067
                                                easternECF@trottlaw.com

Defendant's Answer:

_____
Ronald S. Bator a/k/a Ronald Stanley Bator

Sworn to and subscribed before me
this _____ day of _____, 2009.

_____
NOTARY PUBLIC
My Commission Expires