IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| IN RE: | Case No. 09-62045-wsd |
| | Chapter 7 |
| RONALD STANLEY BATOR, | Hon. Walter Shapero |
| DEBTOR. | |
| CHASE BANK USA, N.A., | |
| | A.P. No. 09-06603-wsd |
| PLAINTIFF, | |
| vs. | |
| RONALD S. BATOR a/k/a RONALD STANLEY BATOR, | |
| DEFENDANT. | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSION
UNDER FED.R.BANKR.P. 7036 AND RULE 36 F.R.CIV.P.**

To: Ronald S. Bator a/k/a Ronald Stanley Bator
c/o Gregory L. Dodd, Esq.
300 North Huron Street
Ypsilanti, MI 48197

Pursuant to Fed.R.Bank.P. 7036 and 7026 and Rules 36 and 26(b) F.R.Civ.P., Plaintiff requests Defendant make the following admissions within 30 days of service of these Requests for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial.

## INSTRUCTIONS FOR REQUESTS FOR ADMISSION

Space has been provided below each Request For Admission for your answer. If you require additional space, you may attach an additional sheet or sheets of paper which refer to the appropriate Request For Admission.

Fed.R.Bankr.P. 7036 and Fed.R.Civ.P. 36 provide that:

You must serve your written answer or objection to each Request upon Plaintiff's attorney within 30 days of service of this Request For Admission upon you. The Answers must be signed by you or your attorney. Failure to answer or object within 30 days may be deemed an admission.

An answer shall admit the Request, specifically deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

You may not give lack of information or knowledge as a reason for failing to admit or deny unless you have made a reasonable inquiry and after such reasonable inquiry the information known or readily obtainable is still insufficient for you to admit or deny.

If you fail to admit the genuineness of any document or the truth of any matter requested in this Request For Admission, and if Plaintiff thereafter proves the genuineness of the document or the truth of the matter, Plaintiff may apply to the Court for an order under Fed.R.Bankr.P. 7037 and Fed.R.Civ.P. 37(c) for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

A party is under a duty seasonably to amend a prior response to a Request for Admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

## DEFINITIONS

1. **"Person"** means any natural person, any legal or business entity, and any public or quasi-public entity.

2. **"You"** and **"your"** mean the names of the party or parties to whom these Requests For Admission are directed and all parties acting on behalf of such party or parties, including but not limited to, attorneys and their associates and employees, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of the party or parties to whom these Request For Admissions are directed.

3. **"Document"** or **"writing"** means any written or graphic matter or other means of preserving thought or expression and all tangible things in which information can be processed or transcribed including, but not limited to, correspondence, messages, telegrams, contracts, memoranda, studies, surveys, charts, reports, minutes, notes, diaries, schedules, canceled checks, drafts, photographs, releases, newspaper or magazine articles, books, financial statements, ledgers, transcripts, affidavits, tapes, tape recordings, video tapes or recordings, motion pictures, phonograph recordings, compact disks, optical disks, material read by laser scanning, computer disks, computer tapes, computer printouts, and information stored in data processing or retrieval systems, whether originals, copies or drafts, however produced or reproduced.

4. **"Charge"** and **"Charges"** referring to a use of credit means cash advances or credit for purchases of merchandise, entertainment, services or travel.

5. **"Cash Advance"** or **"cash advances"** means obtaining funds from a credit, charge or line of credit account through the use of a check, convenience check, access check, credit check, counter check, automated teller or credit card.

6. **"Identify"** referring to a natural person means:

   a. The full name of each person.

   b. The present or last known address and telephone number of the person including, but not limited to, the street address, city, state and zip code.

   c. The occupation and employer of the person at the time referred to in these Interrogatories.

7. **"Identify"** referring to an entity other than a natural person means:

   a. The full legal and trade name(s) or title(s) of such entity.

   b. The present or last known address and telephone number of the entity including, but not limited to, the street address, city, state and zip code.

8. **"Identify"** referring to a document, means:

   a. A brief summary of its contents.

   b. An identification of the person(s) drafting, preparing, compiling, and signing it.

   c. The date the document was prepared or received.

   d. The date noted on the document itself.

9. **"Account Agreement"** and **"Account Contract"** mean your contract with the Plaintiff, concerning the account at issue, sometimes referred to as your card member agreement, the terms and conditions of your account, credit card agreement or account agreement.

# Requests For Admission

A. Admit or deny the following.

1. Admit that the information shown on Appendix "A" accurately reflects the activity on your Chase account at issue.

2. Admit that you opened or authorized the opening of the account identified in the Complaint.

3. Admit that you knew that you were required to repay the Plaintiff for all charges and cash advances made on the account identified in the Complaint.

4. Admit that you agreed to comply with the terms and conditions of the account agreement, attached hereto as Appendix "B".

5. Admit that your total monthly income for each of the twelve (12) months immediately preceding the date you filed your Bankruptcy Petition was equal to the amount you listed in Schedule I.

6. Admit that you made, authorized, or allowed another to make the transactions shown on Appendix "A".

7. Admit that at the time the transactions shown on Appendix "A" were made, you did not have the ability to make the required payment(s) under the terms of the account agreement.

8. Admit that you were aware of any applicable credit limit on the account referenced on Appendix "A".

9. Admit that your full legal name, social security number and current address, as shown on your Bankruptcy Petition, are accurate.

10. Admit that the information contained in your Statement of Financial Affairs and supporting Schedules filed in this bankruptcy is accurate.

11. Admit that at the time the transactions shown on Appendix "A" were made, you did not intend to make the payment(s) as required by the account agreement.

12. Admit that by making the transactions shown on Appendix "A", you represented to Plaintiff that you had the intent to repay the amounts as required by the account agreement.

13. Admit that by making the transactions shown on Appendix "A", you represented to Plaintiff that you had the financial ability to repay the amounts as required by the account agreement.

14. Admit that your total monthly expenses for each of the twelve (12) months immediately preceding the date you filed your Bankruptcy Petition were the same as the amount you listed in Schedule J.

15. Admit that during the time you incurred the charges shown on Appendix "A", you incurred additional debt in order to repay regular monthly expenses.

16. Admit that your total monthly expenses for the month you filed your Bankruptcy Petition, not inclusive of payment(s) on credit, charge or line of credit debt, was the amount you listed in Schedule J.

17. Admit that at the time the charges identified in Appendix "A" were incurred, you did not have the financial ability to repay them as they became due and also remit current payments on all of your other debt and regular monthly living expenses.

18. Admit that you do not dispute that Plaintiff justifiably relied on your representations of your intent and ability to repay the charges you incurred as shown on Appendix "A".

19. Admit that you incurred the charges shown on Appendix "A" through actual fraud.

20. Admit that you read the "Instructions" and "Definitions" accompanying Plaintiff's First Set of Interrogatories, First Request for Production of Documents and First Request for Admissions attached hereto.

21. Admit that you already reached your maximum credit limit on at least one (1) of your other credit, charge, or line of credit accounts prior to making any of the charges identified in Appendix "A".

22. Admit that you had already reached your maximum credit limit on all of your other credit, charge, or line of credit accounts prior to making the charges identified in Appendix "A".

23. Admit that you contemplated filing bankruptcy prior to the date you made the charges identified in Appendix "A".

24. Admit that during the time that the charges shown on Appendix "A" were incurred, you utilized funds obtained from at least one (1) credit, charge, or line of credit account to remit payments due on at least one (1) other credit, charge, or line of credit account.

25. Admit that you consulted with an attorney concerning bankruptcy prior to making the charges identified in Appendix "A".

26. Admit that during the time that the charges shown on Appendix "A" were incurred, you were able to remit payments on your regular monthly expenses only by obtaining funds or cash from credit, charge, or line of credit accounts.

27. Admit that during the time the charges shown on Appendix "A" were made, you substantially increased your use of some or all of your other credit, charge or line or credit accounts.

28. Admit that funds you obtained from the cash advance at issue were used for luxury items, not reasonably necessary for the maintenance and support of you or your dependents.

29. Admit that your bankruptcy petition and schedules reflect insufficient income and assets from which you could have reasonably expected to pay Chase.

30. Admit that at the time you incurred the charges on the account, you did not intend to honor your obligation to Chase to satisfy the account.

31. Admit that you obtained the goods and services on the account through representations which you either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

32. Admit that you made the misrepresentations with the intention and purpose of deceiving Chase so that Chase would extend credit that would enable you to charge goods and services on the Account.

33. Admit that Chase justifiably relied on your false representations based in part on your status as a Cardmember in good standing and that there were no "red flags" evident during the time period of charging activity as identified in Appendix "A".

34. Admit that as a proximate result of extending credit based on your misrepresentations, Chase has sustained loss and damage in the amount of $3,599.55 on the account.

35. Admit that you incurred a portion of the balance of the account in the amount of $3,599.55 with knowledge of your inability to repay it.

36. Admit that you incurred a portion of the balance of the account in the amount of $3,599.55 without the intent to repay it.

37. Admit that you obtained a portion of the balance of the account in the amount of $3,599.55 through false pretenses, a false representation, or actual fraud.

38. Admit that a portion of the balance of the account in the amount of $3,599.55 is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

39. Admit that a portion of the balance of the account in the amount of $3,599.55 is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(C).

40. Admit that 11 U.S.C. § 523(a)(2)(C) excepts from discharge "cash advances aggregating $825 that are extensions of consumer credit under an open end credit plan obtained by an individual on or within seventy days before the order of relief under this title."

41. Admit that you chose make to the charges at issue with full knowledge of your income and debts.

42. Admit that you had no reason to believe that your self-employment income would increase.

43. Admit that you had negative disposable income at the time you incurred the charges at issue on your Chase card.

44. Admit that your monthly expenses did not include payment to credit card accounts at the time you incurred the charges at issue.

B. Admit that each of the following documents, attached to this Request, are genuine.

1. Monthly account statements Plaintiff mailed to you, copies of which are attached hereto as Appendix "A".

2. Card Member Agreement, a copy of which is attached hereto as Appendix "B

TROTT & TROTT, P.C.

Date:  12/9/2009      /s/ John P. Kapitan
John Kapitan (Bar #P61901)
Attorneys for Plaintiff
31440 Northwestern Highway, Suite 200
Farmington Hills, MI  48334
Telephone: (248) 723-5067
easternECF@trottlaw.com

Defendant's Answer:

_____
Ronald S. Bator a/k/a Ronald Stanley Bator

Sworn to and subscribed before me
this _____ day of _____, 2009.

_____
NOTARY PUBLIC
My Commission Expires: